UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES PHINN SHANNON,<br><br>    Plaintiff,<br><br>v.<br><br>MINNESOTA DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | Civil No. 08-659 (JMR/JSM)<br><br>**REPORT AND RECOMMENDATION** |

    Plaintiff, an inmate at the Minnesota Correctional Facility at Rush City, Minnesota, is attempting to sue the Minnesota Department of Corrections under 42 U.S.C. § 1983. He did not pay the $350 filing fee for this action when he filed his complaint, (see 28 U.S.C. § 1914(a)), but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated March 13, 2008, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $9.37, as required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket No. 4), so this case can now proceed.

    The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

**I.    BACKGROUND**

The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "1.   At my H.R.U.[1] hearing, the hearing officer, Deborah J. Schadegg, ordered me to do a 180 days and to be transferred to St. Peter.  That is in violation of the original order issued and in abuse of her authority and process."

(Complaint, [Docket No. 1], p. 3, § IV "Statement of Claim.")

Based on this allegation alone, Plaintiff is seeking a judgment against the Minnesota Department of Corrections that he has describes as follows:

> "Grant injunctive relief or my release from confinement.  Monetary damages in the amount of two millions [sic] Dollars."

(Id. p. 3, § V "Relief.")

On April 8, 2008, the Court received a letter from Plaintiff, (Docket No. 5), which sheds a bit more light on the basis and objective of his current lawsuit.  In that letter, Plaintiff claims that he is being held pursuant to an "illegal sentence."  He also indicates that he is seeking an order that would set aside the plea agreement that produced his allegedly illegal sentence.  The letter clearly confirms that Plaintiff is seeking to expedite his release from state custody.

**II.   DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from a governmental defendant, (namely the Minnesota Department of Corrections), his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A, which is part of the Prison Litigation

---

[1] The term "H.R.U." is not defined in the complaint, but it appears to be an acronym that stands for "Hearings and Release Unit."  (Attachment to Complaint, [Docket No. 1].)

Reform Act of 1995, ("PLRA").  Section 1915A requires federal courts to review the pleadings in every civil action brought by a prisoner against government employees and entities, "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a).  If a prisoner's complaint fails to state a cause of action on which relief can be granted, the action will be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In this case, the Court finds that Plaintiff has failed to plead a viable cause of action for three reasons: (1) Plaintiff has not identified any constitutional basis for his claims, (2) the only named Defendant is a state agency that is immune from suit in federal court under the Eleventh Amendment, and (3) a state prisoner cannot challenge the fact or duration of his confinement in a civil rights action.

### A.     Lack of Constitutional Basis

The caption of Plaintiff's complaint indicates that this action is brought under 42 U.S.C. § 1983, which is the federal civil rights statute that allows citizens to seek relief for alleged violations of their federal constitutional rights.  To state a cause of action under § 1983, a complainant must allege a set of facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Although Plaintiff purportedly is bringing this action under § 1983, his complaint includes no reference to the federal Constitution, or any federal constitutional rights.  For this reason alone, Plaintiff has failed to state an actionable claim for relief.[2]

---

[2]   It is also worth noting that a state agency, such as Defendant Minnesota Department of Corrections," is not a "person" that can be sued in a federal civil rights

B.   **Eleventh Amendment Immunity**

Furthermore, state agencies, such as Defendant Minnesota Department of Corrections, are immune from suit in federal court under the Eleventh Amendment to the Constitution. Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988). The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam), or Congress has abrogated the state's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). It is well-settled that Congress did not lift the states' Eleventh Amendment immunity when it enacted § 1983, (Will, 491 U.S. at 66-67, Quern v. Jordan, 440 U.S. 332, 341-45 (1979)), and there is no indication that the State of Minnesota has waived its immunity and consented to be sued in this case. Thus, the Court finds that Defendant Department of Corrections is constitutionally immune from Plaintiff's present lawsuit.

C.   **Heck v. Humphrey**

Finally, Plaintiff's claims are clearly barred under the principles discussed by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). In both of those cases, the Court held that a state prisoner cannot challenge the fact or duration of his confinement in a federal civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who seeks an expedited release from custody. Heck, 512 U.S. at 481, citing Preiser, 411 U.S. at 488-490; see also, Sheldon v.

---

action. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989) ("a State is not a person within the meaning of [42 U.S.C.] § 1983").

Hundley, 83 F.3d 231, 233 (8th Cir. 1996).  Heck further holds that even when a prisoner-plaintiff is not directly challenging the fact or duration of his incarceration, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement."  Heck, 512 U.S. at 483.

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, <u>when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated</u>."

Id. at 486-87 (footnote omitted; emphasis added);

Here, it is readily apparent that Plaintiff is challenging the validity of his confinement by the State of Minnesota.  Indeed, he is expressly asking this Court to enter an order that would cause him to be released from prison.  Heck clearly holds, however, that habeas corpus is the sole federal remedy by which Plaintiff can secure an expedited release from state custody.

Plaintiff is also seeking a judgment for money damages, presumably to compensate him for his allegedly illegal confinement.  However, even when a prisoner demands only money damages for wrongful imprisonment, he still cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483.  "Heck requires favorable termination of the action in an authorized

state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release." Sheldon, 83 F.3d at 233.  It is obvious that any judgment in Plaintiff's favor in this action, awarding him any form of relief, would necessarily impugn the validity of his confinement by the State of Minnesota.  Therefore, this action is clearly barred by Heck.

According to Heck, Plaintiff cannot maintain a civil rights action that directly or indirectly challenges the fact or duration of his confinement, (regardless of the type of relief being sought), until after he has successfully challenged his confinement in an appropriate forum, i.e., in a state or federal habeas corpus action.  Because Plaintiff has not satisfied this precondition, this case is barred by Heck.[3]

### III. CONCLUSION

For all of the reasons discussed above, the Court concludes that Plaintiff has failed to state a cause of action on which relief can be granted.  Therefore, this case must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), must be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] Under different circumstances, Plaintiff's current pleading might be construed as an application for federal habeas corpus relief and entertained as such.  See Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987); Feeney v. Auger, 808 F.2d 1279, 1280-81 (8th Cir. 1986); but see Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (holding that a civil rights action that is barred by Heck should be dismissed, and should not be converted to a habeas case).  That cannot be done in this case, however, because there is no indication that Plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b)(1)(A).  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition").  Without proof of exhaustion, Plaintiff's complaint cannot be construed as a habeas petition and entertained as such.

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[4] To date, he has paid only $9.37, so he still owes $340.63 at this time. Prison officials will have to deduct that amount from Plaintiff's institutional trust account, and pay it to the Clerk of Court, in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, because Plaintiff has failed to plead an actionable claim for relief, the dismissal of this action should count as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1);

---

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

      3.      Plaintiff should be required to pay the unpaid balance of the Court filing fee, namely $340.63, in accordance with 28 U.S.C. § 1915(b)(2); and

      4.      For purposes of 28 U.S.C. § 1915(g), this action should be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated:      April 10, 2008

                                     *s/ Janie S. Mayeron*
                                     JANIE S. MAYERON
                                     United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 28, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.